JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1361 JGB (SHKx)** | Date | November 21, 2024 |
|---|---|---|---|
| Title | ***Wendy S. Serpas Lazo, et al. v. Mercedes-Benz, LLC, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    Order (1) GRANTING Defendant's Unopposed Motion to Remand (Dkt. No. 25); and (2) VACATING the November 25, 2024 Hearing (IN CHAMBERS)

Before the Court is Defendant Jones Ontario Acquisition, LLC dba Mercedes-Benz of Ontario's ("Defendant" or "Jones Ontario") motion to remand pursuant to 28 U.S.C.A. § 1447(c). ("Motion," Dkt. No. 25.) The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the November 25, 2024 hearing.

## I.    BACKGROUND

On May 17, 2024, Plaintiffs Wendy S. Serpas Lazo and Wendy S. Guzman Serpas (jointly, "Plaintiffs") filed a complaint against Defendants Mercedes-Benz USA, LLC ("MBUSA"), Jones Ontario, and Does 1 through 10 (collectively, "Defendants") in the California Superior Court for the County of San Bernardino. ("Notice of Removal," Dkt. No. 1 at 11-21.) The Complaint alleges five causes of action—three claims under the California Song-Beverly Consumer Warranty Act and a claim under the federal Magnuson-Moss Warranty Act against Defendant MBUSA; and a negligence claim against Defendant Jones Ontario. (Id.) MBUSA removed the action to this Court on June 28, 2024. (Id.)

On July 5, 2024, MBUSA filed a motion to dismiss. ("MTD," Dkt. No. 10.) On August 28, 2024, the Court dismissed all claims against MBUSA without leave to amend, rendering

Defendant Jones Ontario the only remaining Defendant and the fifth cause of action—negligence—the only remaining claim.  ("MTD Order," Dkt. No. 22.)

On October 2, 2024, Defendant Jones Ontario filed the Motion.  (Motion.)  On November 13, 2024, Plaintiffs filed a notice of non-opposition to the Motion.  ("Pl. Non-Opp.," Dkt. No. 28.)

## II. FACTUAL ALLEGATIONS

On June 3, 2023, Plaintiffs purchased a 2020 Mecedes-Benz GLB ("Vehicle").  (Notice of Removal at 13 ¶ 10.)  Express warranties accompanied the sale of the Vehicle—MBUSA undertook to preserve or maintain the utility or performance of the Vehicle, or to provide compensation if there was a failure in utility or performance.  (Id.)  Plaintiffs received the Vehicle with serious defects and nonconformities to warranty, including defects to the powertrain system, engine, electronics, infotainment system, HVAC system, and other serious nonconformities to warranty.  (Id. at 13 ¶ 11.)  Plaintiffs hereby revoke acceptance of the sales contract.  (Id. at 13 ¶ 12.)

## III. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court."  Matheson, 319 F.3d at 1090.

//
//
//
//
//

### IV. DISCUSSION

Defendant Jones Ontario argues that this matter should be remanded to California Superior Court for the County of San Bernardino because this Court no longer has subject matter jurisdiction. (See Motion at 1.) First, after MBUSA was dismissed from this action, the remaining parties—Plaintiffs and Jones Ontario—are domiciled in California thus defeating diversity jurisdiction. (See Motion at 1; MTD Order; Notice of Removal at 12 ¶¶ 2, 4.) Second, there is no federal question jurisdiction as the only cause of action remaining is a state, common law negligence claim against Jones Ontario. (See Motion at 1; MTD Order.) Plaintiffs do not oppose the Motion. (Pl. Non-Opp.)

Diversity jurisdiction requires that the "the citizenship of each plaintiff [must be] different from that of each defendant." See 28 U.S.C. § 1332; see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Section 1332 provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to the corporation's "nerve center," the place where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). In practice, this is normally where the corporation maintains its headquarters. Id. at 93. Here, Plaintiffs are individuals residing in California. (See Notice of Removal at 12 ¶ 2.) Further, Jones Ontario is a California Limited Liability Company operating and doing business in San Bernardino, California. (See id. at 12 ¶ 4.) Because complete diversity does not exist, the Court need not analyze whether the amount in controversy is satisfied for diversity jurisdiction. Accordingly, diversity jurisdiction does not exist.

Moreover, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The only federal claim, Magnuson-Moss Warranty Act against MBUSA, was dismissed by the Court's MTD Order. (See MTD Order; Notice of Removal at 11-21.) Plaintiffs' only remaining claim arise from state negligence law over which this Court has no jurisdiction. As such, federal question jurisdiction does not exist.

Accordingly, because the Court concludes that it lacks subject matter jurisdiction, the Court **GRANTS** the Motion and **REMANDS** this action to the California Superior Court for the County of San Bernardino.

//
//
//
//
//
//

## V. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendant's Motion is **GRANTED**.

2. This action is **REMANDED** to the California Superior Court for the County of San Bernardino, and the Clerk of the Court is **DIRECTED** to close this case.

3. The Court **VACATES** the November 25, 2024 hearing.

4. The Court **DENIES AS MOOT** Plaintiffs and Defendant Jones Ontario requests to appear remotely at the November 25, 2024 hearing (Dkt. Nos. 29-30, 32).

**IT IS SO ORDERED.**